**STANDARD MUTUAL INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Aaron Joseph CHASTAIN, a Minor, b/n/f Jamie L. Chastain and Jeffrey S. Chastain, Defendant–Appellant.**

No. 01–1661.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 22, 2001.

Decided Oct. 29, 2001.

Before FLAUM, Chief Judge, RIPPLE, WILLIAMS, Circuit Judges.

**ORDER**

Instead of watching the children for whom she provided home-based daycare,

---

**1.** It should be noted that Rybusinski's 1983 tax return, which was filed before the divorce, listed him as "married."

Tammy Kidd chose to mow her front yard with her riding lawnmower, leaving the children in the back yard completely unsupervised. While on the riding lawnmower, Kidd accidently backed up and ran over the leg and foot of Aaron Chastain, one of the children who apparently had ventured into the front yard. Chastain's parents, Jeffrey and Jamie Chastain, filed a lawsuit on his behalf against Kidd in Indiana state court. Kidd's homeowner insurer, Standard Mutual Insurance Company ("Standard Mutual"), filed a declaratory action in the United States District Court for the Southern District of Indiana, seeking a judgment that it had no duty to defend or indemnify Kidd against Chastain's lawsuit or provide medical payments or other coverage benefits to Chastain under Kidd's homeowner insurance policy. The district court granted summary judgment to Standard Mutual. Chastain appeals.

This dispute revolves around the business pursuits exclusion provision in Kidd's homeowner insurance policy, which provides that medical payments to others do not apply to bodily injury "[a]rising out of or in connection with a 'business' engaged in by an 'insured.' This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the 'business.'" Despite lengthy, and often tortured, arguments to the contrary, Chastain has not demonstrated that Kidd's failure to supervise properly the children in her care, which resulted in Chastain's injury, was not an omission of a duty owed because of the nature of her daycare business. Indeed, Kidd did owe a duty of care to the children because of the nature of her business, and her failure to comply with that duty was an omission. The business pursuits exclusion provision applies, and as a result, Standard Mutual has no duty to defend or indemnify Kidd against Chastain's lawsuit[1] or provide medical payments or other coverage benefits to Chastain.

AFFIRMED

---

1. The duty to defend and indemnify arises only for bodily injury covered by the policy.

